# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROY SIMETH, | ) |
|         Petitioner, | ) Civil Action No. 14 – 1672 |
| v. | ) Magistrate Judge Lisa Pupo Lenihan |
| COURT OF COMMON PLEAS, | ) |
|         Respondent. | ) |

## MEMORANDUM OPINION

Before the Court is a Petition for Writ of Mandamus and/or Extraordinary Relief, which was filed by Petitioner, Roy Simeth, on December 10, 2014. (ECF No. 6.) Petitioner seeks a writ of mandamus to force the Pennsylvania courts to apply credit for time served toward his sentence for a period of incarceration beginning September 25, 1984 to May 31, 1985 during which time he claims to have been incarcerated at the Marshall County Jail in West Virginia in lieu of $50,000 bail. Id. For the following reasons, the Petition will be denied.

**A. Background**

By way of background, Petitioner was charged in September of 1984 with robbery, burglary, and criminal conspiracy, after which he was convicted and sentenced to twenty (20) years to forty (40) years imprisonment. The official records from the Court of Common Pleas of Washington County show that on May 31, 1985, at 11:10 a.m., Petitioner was arraigned, his bail set at $50,000 and a preliminary hearing scheduled for June 5, 1985. The district judge listed Petitioner's address at the time of the preliminary arraignment as Moundsville State Prison, West

1

Virginia. (Index of State Court Records, File 1, Ex. 11.) The official record contains a document entitled "Agreement on Detainers: Form 6" which shows that Petitioner was incarcerated in Moundsville, West Virginia and was to be taken into custody by authorities from Washington County, Pennsylvania on or about May 31, 1985 for trial, which was to commence on or about June 10, 1985. (Index of State Court Records, File 1, Ex. 6.) On July 24, 1985, after a trial by jury, Petitioner was convicted of conspiracy, burglary, robbery, and theft. (Index of State Court Records, File 1, Ex. 16.) Post-trial motions were filed and denied October 11, 1985. Petitioner was sentenced on October 17, 1985. The official record contains the department of corrections form DC-300B, which reflects credit for time served in the Washington County Jail from May 31, 1985 to October 18, 1985, which was a period of 141 days. (Index of State Court Records, File 1, Ex. 33.) Petitioner appealed his conviction and sentence to the Pennsylvania Superior Court, and on October 17, 1986, the judgment of sentence was affirmed. (Index of State Court Records, File 1, Ex. 32.)

Following the dismissal of two PCRA petitions (Index of State Court Records, File 1, Exs. 41, 56, 59), Petitioner filed a Motion for Correction of Illegal Sentence, which was denied on October 22, 1999 (Index of State Court Records, File 2, Ex. 53.)

On or about February 25, 2004, Petitioner filed a Motion for Time Credit seeking credit for time he spent in the Marshall County Jail from September 25, 1984 to May 31, 1985 in lieu of $50,000 bail. (Index of State Court Records, File 2.) It is believed that this is the first time Petitioner sought credit for this period of time spent in custody. On or about April 15, 2004, the court responded stating the following:

> Unfortunately, the only records still in existence are those which I already checked and I informed you of what they indicate. You are facing a problem of locating information approximately twenty years old, and this information has

2

likely been purged from existing records. The only records I can recommend you rely on are those which indicate you came into Washington County on May 31, 1985. For this reason, there is no further action that can occur with Washington County in regard to this matter.

(Index of State Court Records, File 2.)[1]

On or about January 28, 2005, Petitioner filed a Petition to Reconsider and Modify his Sentence, seeking the same credit for time spent in the Marshall County Jail. On February 25, 2005, the Commonwealth responded to the petition stating that it was "neither able to confirm nor deny that relief requested is appropriate or justified." The Commonwealth subsequently filed an Amended Answer to Petitioner's petition stating, "The only information the Commonwealth is able to confirm is that the Defendant was incarcerated in Washington County from May 31, 1985, until October 18, 1985, on charges that at least appear to be the ones to which the Defendant is referring." On or about April 20, 2005, the court denied the petition in its entirety construing it as an untimely PCRA petition, and in the alternative, untimely because Petitioner had not sought permission to file a Petition to Modify *Nunc Pro Tunc*, which must be made within thirty (30) days of an order. (Index of State Court Records, Rile 2, Exs. 44, 46.)

On or about June 6, 2013, Petitioner filed a Petition for Credit for Time Spent in Custody, again seeking credit for the time spent in the Marshall County Jail from September 25, 1984 to May 31, 1985, in lieu of $50,000 bail. (Index of State Court Records, File 2.) However, there is nothing in the record indicating that the court ever ruled on this petition.

On or about January 13, 2014, Petitioner filed in the Washington County Court of Common Pleas, an Application for Leave to File Original Process in the Supreme Court and

---

[1] The Court is unable to locate in the official records the Washington County court's response to Petitioner's Motion for Time Credit. However, this portion of the Washington County court's response was quoted in Petitioner's Petition to Reconsider and Modify his Sentence that he filed on or about January 28, 2005. It is assumed that Petitioner's Motion for Time Credit was denied.

attached thereto a Petition for Writ of Mandamus and/or Extraordinary Relief, which is nearly identical to the Petition pending before this Court. (Index of State Court Records, File 2, Ex. 43.) Again, there is nothing in the record indicating that the court ever ruled on this application; however, a docket search reveals that Petitioner filed the petition in the Pennsylvania Supreme Court on January 16, 2014, and that it was denied on March 27, 2014. Simeth v. Court of Common Pleas 27th Judicial District, 5 WM 2014 (Pa. Mar. 27, 2014).

B. **Discussion**

1. **Mandamus**

The Petition before the Court, although titled as a Petition for Writ of Mandamus and/or Extraordinary Relief, will not be construed as a petition for writ of mandamus, but rather a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. This is so because federal courts have no authority to issue writs of mandamus to state officials. Noble v. Cain, 123 F. App'x. 151, 152 (5th Cir. 2005) ("the remedy sought by Noble is in the nature of mandamus relief, which is not available to federal courts to direct state officials in the performance of their duties and functions"); In re Jones, 28 F. App'x. 133, 134 (3d Cir. 2002) ("Jones is not entitled to relief. As stated above, she asks this Court to prohibit the State of Delaware from filing charges against her. The federal courts, however, have no general power in a mandamus action to compel action, or in this case inaction, by state officials."); Nelson v. South Carolina Dept. of Probation, Parole & Pardon Services, 230 F.3d 1353 (Table), 2000 WL 1455672, *1 (4th Cir. 2000) ("we affirm on the district court's reasoning that federal courts cannot issue writs of mandamus to compel action by state officials or agencies."); Bradley v. Tate, 165 F.3d 26, (6th Cir. 1998) (federal courts lack subject-matter jurisdiction to issue mandamus writs directing state court officers in the performance of their official duties). Because this Court has not authority to direct the state

court, or the Department of Corrections, to issue the requested time credit, mandamus relief is not appropriate.

### 2. Habeas Corpus

The only way Petitioner can challenge the validity of his sentence in this Court is by way of a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See* Preiser v. Rodriguez, 411 U.S. 475, 499 (1973); Wilkinson v. Dotson, 544 U.S. 74, 78 (2005); Learner v. Fauver, 288 F.3d 532, 540 (3d Cir. 2002). Where the state courts have reviewed a federal issue presented to them and disposed of the issue on the merits, AEDPA provides the applicable deferential standards by which the federal habeas court is to review the state court's disposition of that issue. *See* 28 U.S.C. § 2254(d) and (e). In Williams v. Taylor, 529 U.S. 362 (2000), the Supreme Court expounded upon the standard found in 28 U.S.C. § 2254(d). In <u>Williams</u>, the Court explained that Congress intended that habeas relief for errors of law may only be granted in two situations: (1) where the State court decision was "contrary to . . . clearly established Federal law as determined by the Supreme Court of the United States" or (2) where the State court decision "involved an unreasonable application of[] clearly established Federal law as determined by the Supreme Court of the United States." Id. at 404-05.

#### a. Exhaustion and Procedural Default

A provision of the federal habeas corpus statute, 28 U.S.C. § 2254(b), requires a state prisoner to exhaust available state court remedies before seeking federal habeas corpus relief. Specifically, a federal habeas court may not grant a state prisoner's petition for writ of habeas corpus unless he has first presented his federal constitutional claims to the state courts. 28 U.S.C. § 2254(b)(1)(A). This is called the "exhaustion" requirement and it is "grounded in principles of comity; in a federal system, the States should have the first opportunity to address

5

and correct alleged violations of state prisoner's federal rights." Coleman v. Thompson, 501 U.S. 722, 731 (1991). *See also* O'Sullivan v. Boerckel, 526 U.S. 838, 842-49 (1999). In order to exhaust a claim, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan, 526 U.S. at 844-45.

Additionally, like the exhaustion requirement, a federal court may be precluded from reviewing claims under the "procedural default doctrine." Gray v. Netherland, 518 U.S. 152 (1996); Coleman, 501 U.S. at 732; Sistrunk v. Vaughn, 96 F.3d 666, 678 (3d Cir. 1996). The procedural default doctrine prohibits federal habeas courts from reviewing a state court decision involving a federal question if the state court declined to rule on the merits of the claim because it determined that the petitioner did not comply with a state procedural rule,[2] and that rule is independent of the federal question and adequate to support the judgment. *See*, *e.g.*, Gray, 518 U.S. at 162 (The procedural default doctrine prohibits federal habeas courts from reviewing a state court decision involving a federal question if the state court decision is based on a rule of state law that is independent of the federal question and adequate to support the judgment); Coleman, 501 U.S. at 732 (If a petitioner has failed to properly exhaust his claim – for example, he failed to comply with a state procedural rule, and as a result the state court declined to adjudicate the claim on the merits, the claim is defaulted in federal habeas corpus under the procedural default doctrine).

---

[2] State procedural grounds for denying a PCRA claim include, but are not limited to, the PCRA's timeliness requirement, 42 Pa.C.S. § 9545(b), failing to adequately develop the claim in one's briefing, Commonwealth v. Bracey, 795 A.2d 935, 940 n. 4 (Pa. 2001); Pa. R.A.P. 2116, 2119(a), and presenting claim on appeal without having presented it to the lower court, Commonwealth v. Wharton, 811 A.2d 978, 990 (Pa. 2002); Pa. R.A.P. 302(a).

Since the state court denied Petitioner's January 28, 2005 Petition to Reconsider and Modify his Sentence as an untimely PCRA petition pursuant to 42 Pa. C.S. § 9545(b), it was "independent" of a federal question. The state court decision was also "adequate." A state rule is "adequate" if: (1) the state procedural rule was sufficiently clear at the time of the default to have put the petitioner on notice of what conduct was required; (2) the state appellate court reviewing the petitioner's claim refused to review it on the merits because the petitioner failed to comply with the rule; and (3) the state court's refusal was consistent with other decisions. Shotts v. Wetzel, 724 F.3d 364, 370 (3d Cir. 2013); Nara v. Frank, 488 F.3d 187, 199 (3d Cir. 2007). *See also* Beard v. Kindler, 558 U.S. 53, 60 (2009) (discretionary state rules can be "adequate"); Ford v. Georgia, 498 U.S. 411, 423-24 (1991) (a state procedural rule is "adequate" if it is "firmly established and regularly followed" at the time that the alleged procedural default occurred). Accordingly, this Court may not consider the merits of Petitioner's claim because it is procedurally defaulted.[3] However, even if the claim were not procedurally defaulted, the Petition before this Court is nevertheless untimely as discussed below.

### b. Statute of Limitations

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132, 110 Stat. 1214, April 24, 1996 ("AEDPA"), Congress imposed a one-year limitations period applicable to state prisoners, which provides as follows:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

---

[3] Moreover, this Court notes that a state prisoner's right to credit for time served before sentencing is actually a matter of state law that is not cognizable in federal habeas. *See* Hoover v. Snyder, 904 F. Supp. 232, 234 (D. Del. 1995); Hardy v. Luzerne County, 2007 WL 2253463, at *1-2 (M.D. Pa. Aug. 3, 2007) (citing Travis v. Lockhart, 925 F.2d 1095, 1097 (8th Cir. 1991).

7

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

28 U.S.C. § 2244(d).

Because Petitioner's conviction became final before the enactment of the AEDPA, his conviction is deemed to have become final on the effective date of the AEDPA, *i.e.*, April 24, 1996. Petitioner, therefore, would have had one year from that date in which to file his habeas petition, *i.e.*, by April 24, 1997. See Burns v. Morton, 134 F.3d 109, 112 (3d Cir. 1998) (establishing a one year grace period after the AEDPA's enactment date and holding that where convictions became final before April 24, 1996, the effective date of the AEDPA, habeas petitions filed within one year thereof come within AEDPA's one year statute of limitations). The Court of Appeals explained the effect of Burns is to "make . . . all other convictions in this circuit otherwise final before the effective date of the AEDPA, April 24, 1996, final on that day for purposes of calculating the limitations period." United States v. Duffus, 174 F.3d 333, 334 (3d Cir. 1999). Petitioner is not deemed to have filed the current petition until, at the earliest,

8

December 10, 2014, the date the envelope containing the Petition was postmarked.[4] This is more 18 years after his conviction is deemed to have become final. Hence, the Petition is time-barred.[5]

### C. Certificate of Appealability

AEDPA codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. 28 U.S.C. § 2253 provides that "[a] certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Applying that standard here, jurists of reason would not find it debatable whether Petitioner's claim is procedurally defaulted or otherwise untimely. Accordingly, a certificate of appealability should be denied.

A separate Order will issue.

Dated: May 5, 2016.

_____
Lisa Pupo Lenihan

---

[4] The "prisoner mail box rule" provides that "a pro se prisoner's habeas petition is deemed filed at the moment he delivers it to prison officials for mailing to the district court." Burns v. Morton, 134 F.3d at 113; United States v. Soto, 159 F.Supp.2d 39, 45 (E.D. Pa. 2001), *aff'd*, 33 F. App'x 40 (3d Cir. 2002).

[5] Furthermore, for the reasons stated in the Respondent's Answer at ¶ 27, Petitioner does not appear to be entitled to the time-credit that he seeks.

United States Magistrate Judge

cc: Roy Simeth
AJ3365
1600 Walters Mill Road
Somerset, PA 15510

Counsel of record
*Via ECF electronic mail*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| ROY SIMETH, | ) | |
| --- | --- | --- |
| | ) | Civil Action No. 14 – 1672 |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Magistrate Judge Lisa Pupo Lenihan |
| | ) | |
| COURT OF COMMON PLEAS, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |
| | ) | |

## **ORDER**

AND NOW, this 5th day of May, 2016, and in accordance with the Court's Memorandum Opinion,

IT IS HEREBY ORDERED that the Petition for Writ of Habeas Corpus (ECF No. 6) is denied.

IT IS FURTHER ORDERED that a Certificate of Appealability is denied.

IT IS FURTHER ORDERED that the Clerk of Court mark this case closed.

AND IT IS FURTHER ORDERED that, pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, if Petitioner wishes to appeal from this Order a notice of appeal, as provided in Fed. R. App. P. 3, must be filed with the Clerk of Court, United States District Court, at 700 Grant Street, Room 3110, Pittsburgh, PA 15219, within thirty (30) days.

                                                Lisa Pupo Lenihan
                                                United States Magistrate Judge